FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone: (415) 601-0779  Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

MATTHEW D. HALEY (Bar No. 104493)
THE HALEY LAW OFFICES
1633 San Pablo Avenue
Oakland, CA 94612
Telephone: (510) 444-1881  Facsimile: (510) 444-5108
Email: matt@haleylaw.com

Attorneys for Plaintiffs AMANDA SOMMERS and
RICHARD SOMMERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SOMMERS; and RICHARD SOMMERS,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SANTA CLARA; COLIN STEWART; and DOES 1-25;<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*);<br>2. Violation of Decedent's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process);<br>3. Violation of Plaintiff's Fourteenth Amendment Rights, 42 U.S. §1983 (Familial Relations and *Monell*);<br>4. Violation of 42 U.S.C. § 12132 (ADA Discrimination);<br>5. Wrongful Death/Negligence;<br>6. Assault and Battery; and<br>7. Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES**

Plaintiffs AMANDA SOMMERS and RICHARD SOMMERS, demanding a jury trial, bring this action against Defendants CITY OF SANTA CLARA, COLIN STEWART, and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore alleges as follows:

## I. PARTIES

1.  Plaintiff AMANDA SOMMERS is an individual and natural heir, successor in interest and survivor of decedent, Jesus A. Geney Montes, her son. She is a person described in California Code of Civil Procedure §377.60 as persons who may bring a wrongful death action and who would be entitled to the property of the decedent through intestate succession. At all times relevant to this complaint, Ms. SOMMERS has lived in the City of Santa Clara, which is located within the Northern District of California.

2.  Plaintiff RICHARD SOMMERS is an individual. At all times relevant to this complaint, Mr. SOMMERS has lived in the City of Santa Clara, which is located within the Northern District of California.

3.  Defendant CITY OF SANTA CLARA ("SANTA CLARA") is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. SANTA CLARA is a municipality located within the Northern District of California.

4.  Defendant COLIN STEWART is an individual. STEWART is, and was at all times relevant to this complaint, employed by SANTA CLARA as a police officer and was acting under the color of law as it pertains to this complaint. STEWART is being sued in his individual and official capacity.

5.  Defendants Does 1-25 are defendants whose capacities are unknown to plaintiffs. All defendants acted under the color of law as it pertains to this complaint.

**COMPLAINT FOR DAMAGES**

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the County of Santa Clara, which is located in this district.

## III. STATEMENT OF FACTS

8. On March 9, 2017, at approximately 8:00 a.m., plaintiff AMANDA SOMMERS contacted the Santa Clara Police Department ("SCPD") to report that her son, decedent Geney Montes, was having a psychological episode and that she feared for his safety. Police officers were dispatched to the SOMMERS' apartment.

9. Shortly thereafter, SCPD officers arrived at the residence and Ms. SOMMERS explained to them that Geney Montes had not slept, or slept very little, for several days. She further informed officers that Geney Montes was suffering from psychological problems, had barricaded himself in his bedroom, and had stated that he was going to hurt himself. Ms. SOMMERS requested that, for his own safety, Geney Montes be taken to a hospital.

10. SCPD officers on scene spoke to Geney Montes through his bedroom door and, after approximately twenty (20) minutes, decided that Geney Montes was not a danger to himself or others. The officers left the residence, leaving Ms. SOMMERS with Geney Montes.

11. At approximately 9:30 a.m., Ms. SOMMERS contacted SCPD again to inform them that she believed that Geney Montes was in the process of hurting himself. Geney Montes had expressed suicidal ideation to Ms. SOMMERS.

3
**COMPLAINT FOR DAMAGES**

12. SCPD officers were again dispatched to the SOMMERS residence. Again, after a very brief period, wherein the officers talked to Geney Montes through his closed bedroom door, the officers left the residence. Ms. SOMMERS unsuccessfully tried to have the officers place Geney Montes in a psychiatric hold for his own safety.

13. For the next several hours, Geney Montes continued to barricade himself in his bedroom, telling his mother that he was going to commit suicide with a knife. Ms. SOMMERS, not knowing what else to do, called her husband, RICHARD SOMMERS to the residence. When Mr. SOMMERS arrived, he tried to open Geney Montes' barricaded bedroom door without success. In the process, however, Mr. SOMMERS did see Geney Montes with a knife. Fearing that he was going to commit suicide or hurt his parents, the SOMMERS once again called SCPD.

14. SCPD officers were again dispatched to the residence at approximately 2:00 p.m. Because of the reports that Geney Montes had a knife and posed a threat to himself and/or others, the SCPD SWAT team was dispatched to the SOMMERS' home. Over the next several hours, SCPD learned that Geney Montes had a knife in his room, but not a gun, which Mr. SOMMERS kept locked in his garage.

15. The SOMMERS were hopeful that officers would finally place Geney Montes in a psychiatric hold. That did not occur. The SCPD officers again talked to Geney Montes through the closed bedroom door and determined that it was not necessary to place Geney Montes in a psychiatric hold even though he had expressed suicidal ideation to his family and it was known that he had a knife. The officers once again packed up and left the SOMMERS alone with Geney Montes.

16. At approximately 4:45 p.m., Geney Montes stabbed himself in the chest with a small knife. Ms. SOMMERS was able to see that her son was bleeding from the chest. As the SOMMERS tried to reach Geney Montes, he ran out of his bedroom through a window. Geney Montes was only wearing swim trunks.

**COMPLAINT FOR DAMAGES**

17. Fearing that Geney Montes was going to commit suicide, the SOMMERS called the police a fourth and final time. The SOMMERS informed officers that Geney Montes had stabbed himself and had run away from the apartment.

18. According to reports from SANTA CLARA, "[n]umerous units responded to the scene, pursued Geney [Montes] and took up perimeter positions." SCPD officers spotted Geney Montes on a dirt path near isolated railroad tracks. Officers cornered Geney Montes under an overpass near the corner of Monroe Street and Scott Boulevard. Geney Montes was alone, shirtless and barefoot, wearing only his swim trunks when he encountered SCPD officers. The time was approximately 5:00 p.m. and it was still light out. Geney Montes was unarmed and there was no place where he could hide a weapon.

19. According to SANTA CLARA, "based upon Geney[ Montes'] *movements*, Officer Stewart discharged his weapon, resulting in Geney's death." (Emphasis added.) STEWART shot Geney Montes, who did not have a weapon, multiple times, with at least one bullet entering from Geney Montes' back.

20. Upon information and belief, SANTA CLARA does not train, or inadequately trains, its officers in how to deal with persons suffering from psychiatric or psychological problems. Furthermore, SANTA CLARA has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems, which failures, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals suffering from psychiatric or psychological problems.

21. Upon information and belief, as part of their jobs, SCPD officers regularly interact with members of the community suffering from psychiatric or psychological problems.

22. Decedent Geney Montes was a qualified individual with a recognized disability pursuant to 42 U.S.C. § 12132.

5
**COMPLAINT FOR DAMAGES**

23. Plaintiffs, including decedent's mother, filed timely government claims pursuant to California Government Code §910, et seq., for negligence and wrongful death, assault and battery, American with Disabilities Act violations, civil rights violations, and negligent infliction of emotional distress. Plaintiffs' claims were subsequently rejected.

### IV. CAUSES OF ACTION

### FIRST CLAIM

(Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force and *Monell*) – As to Defendants STEWART, SANTA CLARA and Does 1-25)

24. The allegations set forth in paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Plaintiff AMANDA SOMMERS is the mother, heir, and successor in interest of decedent and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

26. Defendant COLIN STEWART and Does 1-5, acting under color of law, used unreasonable and excessive force on March 9, 2017 by deliberately and intentionally shooting and killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendant, other officers or bystanders; (iv) defendant knew, or should have known, that decedent was suffering from a mental or psychological disability; and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

27. Defendant SANTA CLARA and Does 6-25 deprived decedent of his rights, privileges, and immunities secured by the United States Constitution by, among other things, not training, or inadequately training, its officers on how to deal with persons suffering from psychiatric or

6
**COMPLAINT FOR DAMAGES**

psychological problems. Defendant SANTA CLARA also has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems, which failures, together with its lack of, or inadequate, training of its SCPD officers amounts to deliberate indifference towards the constitutional rights of individuals, such as Geney Montes, suffering from psychiatric or psychological problems.

28. As a direct result of STEWART, SANTA CLARA, and Does 1-25's actions and inactions, decedent's constitutional rights were violated, resulting in decedent's death.

29. The conduct of defendant STEWART and Does 1-5, as alleged, was intended to cause injury to Geney Montes and was done in conscious disregard of Mr. Geney Montes' rights and safety and thus constitutes malice. In addition, by his conduct, defendant STEWART subjected Mr. Geney Montes to cruel and unjust hardship in conscious disregard of Geney Montes' civil rights, thus constituting oppression.  Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from defendant STEWART and Does 1-5 in an amount according to proof.

## SECOND CLAIM

**(Violation of Decedent's Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process) – As to Defendant STEWART and Does 1-5)**

30. The allegations set forth in paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. Plaintiff AMANDA SOMMERS is the mother, heir, and successor in interest of decedent and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

32. Plaintiff AMANDA SOMMERS alleges that defendant STEWART and Does 1-5 deprived decedent of his Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth

7
**COMPLAINT FOR DAMAGES**

Amendment by deliberately and intentionally shooting and killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendant, other officers or bystanders; (iv) defendant knew, or should have known, that decedent was suffering from a mental or psychological disability; and (v) other alternative methods were available to effectuate a seizure. Such actions were outrageous and shock the conscience.

33. Defendant STEWART and Does 1-5's actions violated decedent's constitutional rights and resulted in decedent's suffering and death, and were a proximate and direct cause of decedent and plaintiff AMANDA SOMMERS' injuries arising from decedent's wrongful death.

34. The conduct of defendant STEWART and Does 1-5, as alleged, was intended to cause injury to Geney Montes and was done in conscious disregard of Mr. Geney Montes' rights and safety and thus constitutes malice. In addition, by his conduct, defendant STEWART subjected Mr. Geney Montes to cruel and unjust hardship in conscious disregard of Geney Montes' civil rights, thus constituting oppression. Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from defendant STEWART and Does 1-5 in an amount according to proof.

## THIRD CLAIM

**(Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S. §1983 (Familial Relations) - As to All Defendants)**

35. The allegations set forth in paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36. Plaintiff AMANDA SOMMERS is the mother, heir, and successor in interest of decedent and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

37. Plaintiff AMANDA SOMMERS had a cognizable interest under the Due Process

8

**COMPLAINT FOR DAMAGES**

Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, the unwarranted state interference in her familial relationship with her son, decedent Geney Montes.

38. Defendant STEWART and Does 1-5 deprived plaintiff AMANDA SOMMERS of her Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by deliberately and intentionally shooting and killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendant, other officers or bystanders; (iv) defendant knew, or should have known, that decedent was suffering from a mental or psychological disability; and (v) other alternative methods were available to effectuate a seizure. Such actions were outrageous and shock the conscience.

39. Additionally, Defendant SANTA CLARA and Does 6-25 deprived Ms. SOMMERS of her Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by, among other things, not training, or inadequately training, its officers on how to deal with persons suffering from psychiatric or psychological problems. Defendant SANTA CLARA also has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems, which failures, together with its lack of, or inadequate, training of its SCPD officers amounts to deliberate indifference towards the constitutional rights of individuals, such as Geney Montes, suffering from psychiatric or psychological problems.

40. The aforementioned actions of defendants, while acting under color of state law, and without due process of law, violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with decedent.

**COMPLAINT FOR DAMAGES**

## FOURTH CLAIM

**(Violation of 42 U.S.C. § 12132 (ADA Discrimination) – As to all Defendants)**

41. The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. Plaintiff AMANDA SOMMERS is the mother, heir, and successor in interest of decedent and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

43. As against Defendants STEWART, SANTA CLARA, and Does 1-25, in their official capacity, plaintiff AMANDA SOMMERS further alleges that said defendants SANTA CLARA and Does 6-25 failed to train, supervise, and or discipline Defendants STEWART and DOES 1-5 in recognizing symptoms of disability under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as decedent, from participating in or denying benefits and services provided by Defendant SANTA CLARA; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the unwarranted seizure of decedent during the course of the subject-incident and which ultimately resulted in his death. Plaintiff further alleges that qualified individuals, such decedent, were discriminated against from participating in or denying benefits and services provided by Defendant SANTA CLARA; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the unwarranted seizure of decedent during the course of the subject-incident and which ultimately resulted in his death.

44. At the time Defendants STEWART and Does 1-5 made contact with decedent they knew and/or had reason to know that decedent was experiencing a mental crisis and were aware of decedent's disability and the symptoms and manifestations of decedent's recognized disability, and yet these Defendants decided to unlawfully seize decedent, further exacerbating his mental

10
**COMPLAINT FOR DAMAGES**

health crisis. In addition, Defendants STEWART and Does 1-5 failed to provide reasonable accommodations during their encounter with decedent by failing: to follow inter-departmental and industry-wide accepted protocols when encountering mentally unstable suspects. Instead, Defendant STEWART shot and killed the unarmed decedent.

45. The aforementioned conduct of Defendants STEWART, SANTA CLARA and Does 1-25 in failing to make reasonable accommodations for, and prevent discrimination against, decedent denied him the benefits of Defendant SANTA CLARA's programs and activities, and/or discriminated against decedent by reason of his recognized disability.

### FIFTH CAUSE OF ACTION

**(Wrongful Death – Negligence – As to All Defendants)**

46. The allegations set forth in paragraphs 1 through 45 are re-alleged and incorporated herein by reference.

47. Plaintiff AMANDA SOMMERS is the mother, heir, and successor in interest of decedent and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

48. Defendants and DOES 1 – 25 inclusive, by and through their respective agents and employees, proximately caused the death of decedent March 9, 2017 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

49. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiff AMANDA SOMMERS has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, decedent, in an amount according to proof at trial.

50. As a further actual and proximate result of said defendants' negligence, plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

51. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiff has brought this

11
**COMPLAINT FOR DAMAGES**

action, and claims damages from said defendants for the wrongful death of decedent and resulting injuries.

## SIXTH CAUSE OF ACTION

**(Assault and Battery – As to All Defendants)**

52. The allegations set forth in paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53. Plaintiff AMANDA SOMMERS is the mother, heir, and successor in interest of decedent and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

54. Defendants STEWART and DOES 1-5 while working as police officers for the SANTA CLARA, and acting within the course an scope of their duties, intentionally struck, Tasered and shot decedent without decedent's consent.

55. As a result of the actions of these defendants, decedent ultimately died from his injuries. Defendants STEWART and DOES 1-5 did not have legal justification for using the force against decedent, and these Defendants' use of force while carrying out their police officer duties was an unreasonable use of force. Defendant SANTA CLARA is vicariously liable for the torts of its officers, STEWART and DOES 1-5, who were acting within the scope of their employment with SANTA CLARA at the time of the incident.

56. Defendants STEWART and DOES 1-5's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by defendants' conduct.

///

///

///

**COMPLAINT FOR DAMAGES**

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress – As to All Defendants)

57. The allegations set forth in Paragraphs 1 through 56 above are realleged and incorporated herein by reference.

58. Plaintiffs AMANDA and RICHARD SOMMERS allege that defendants SANTA CLARA, STEWART and Does 1-25, jointly and severally, negligently caused the death of decedent in the following ways:

59. Defendant COLIN STEWART and Does 1-5, acting under color of law, used unreasonable and excessive force on March 9, 2017 by deliberately and intentionally shooting and killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendant, other officers or bystanders; (iv) defendant knew, or should have known, that decedent was suffering from a mental or psychological disability; and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

60. Defendants SANTA CLARA and Does 6-25 deprived decedent of his rights, privileges, and immunities secured by the United States Constitution by, among other things, not training, or inadequately training, its officers on how to deal with persons suffering from psychiatric or psychological problems. Defendant SANTA CLARA also has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems, which failures, together with its lack of, or inadequate, training of its SCPD officers amounts to deliberate indifference towards the constitutional rights of individuals, such as Geney Montes, suffering from psychiatric or psychological problems.

**COMPLAINT FOR DAMAGES**

61. Plaintiffs were present at the scene of Geney Montes' injuries when they occurred. As a direct and proximate result of defendant's actions, plaintiffs AMANDA and RICHARD SOMMERS have suffered and continue to suffer, substantial serious and emotional distress, anxiety, and malaise.

62. Defendants' conduct was a substantial factor in causing plaintiffs' serious emotional distress.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

Respectfully submitted,

LAW OFFICE OF FULVIO F. CAJINA

Dated: August 4, 2017         _____/s/ Fulvio F. Cajina_____
FULVIO F. CAJINA
Attorneys for Plaintiff AMANDA SOMMERS and RICHARD SOMMERS

14
**COMPLAINT FOR DAMAGES**