UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMANDA SOMMERS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No.  17-cv-04469-BLF<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 42] |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants move for administrative relief to file under seal Exhibit B to the Declaration of Alexander Jason, which Defendants filed in support of their motion for summary judgment. *See* Mot., ECF 42. Plaintiffs did not respond to this motion or the Court's order directing them to respond. *See* ECF 43. For the reasons stated below, the motion is DENIED.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. "Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010)

1   (internal quotation marks omitted). "In general, compelling reasons sufficient to outweigh the
2   public's interest in disclosure and justify sealing court records exist when such court files might . .
3   . become a vehicle for improper purposes, such as the use of records to gratify private spite,
4   promote public scandal, circulate libelous statements, or release trade secrets." *Algarin v.*
5   *Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014)
6   (internal quotation marks omitted). "The mere fact that the production of records may lead to a
7   litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,
8   compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Courts have found that a party
9   has demonstrated compelling reasons warranting sealing where "confidential business material,
10  marketing strategies, product development plans could result in improper use by business
11  competitors seeking to replicate [the company's] business practices and circumvent the time and
12  resources necessary in developing their own practices and strategies." *Algarin*, 2014 WL 690410,
13  at *3. Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of
14  sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil
15  Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to
16  seal only the sealable material" which "lists in table format each document or portion thereof that
17  is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file
18  a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A).
19  "Reference to a stipulation or protective order that allows a party to designate certain documents
20  as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*
21      Where the moving party requests sealing of documents because they have been designated
22  confidential by another party or a non-party under a protective order, the burden of establishing
23  adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e).
24  The moving party must file a proof of service showing that the designating party or non-party has
25  been given notice of the motion to seal. Id. "Within 4 days of the filing of the Administrative
26  Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of
27  the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a
28  responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the

1   Submitting Party may file the document in the public record no earlier than 4 days, and no later
2   than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2)

## II.  DISCUSSION

This motion concerns evidence submitted by the Defendants in support of their motion for summary judgment, which goes to the heart of the merits of this case. Accordingly, the compelling reasons standard applies. Defendants' stated reasons for sealing are due to the graphic nature of the photos and Defendants' belief that Plaintiffs "may" consider these photographs to implicate the right to privacy and "may" prefer that the images are not publicly filed. Mot. 2. However, Plaintiffs did not respond to this sealing request. Additionally, the Court finds Defendants' suggestion that the photos are "graphic" does not establish how Plaintiffs will be harmed by their publication. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are not sufficient).

## III.  ORDER

For the foregoing reasons, Defendants' motion to file under seal is DENIED.

Dated: December 24, 2020

_____
BETH LABSON FREEMAN
United States District Judge

3